```
                                    FILED

                              2014 JAN 30  PM 4:27

                              CLERK U.S. DISTRICT COURT
                              CENTRAL DIST. OF CALIF.
                              LOS ANGELES

                              BY:_____
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2013 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>AVIV MIZRAHI,<br>  aka "Aviv Shoham Schwartz,"<br>and ARYEH GREENES,<br><br>  Defendants. | CR No. 12-467(A)<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344: Bank Fraud; 18 U.S.C. § 1014: False Statement to a Federally Insured Financial Institution; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done] |

The Grand Jury charges:

COUNTS ONE THROUGH TWENTY-FOUR

[18 U.S.C. §§ 1344, 2(b)]

A. **INTRODUCTORY ALLEGATIONS**

At all times relevant to this First Superseding Indictment:

1. Defendant AVIV MIZRAHI ("defendant MIZRAHI"), also known as ("aka") "Aviv Shoham Schwartz," operated and controlled Tech Club, Inc. ("Tech Club"), New Electronic, Inc. ("New Electronic"), and NU Electronics, Inc. ("NU Electronics"). In approximately 2007, New

RCP

Electronic changed its name to NU Electronics. These companies purported to be electronic wholesalers of televisions, DVD players, etc., that were conducting business from offices and warehouses located in the Central District of California.

2. Defendant MIZRAHI also conducted business under the name Electro Star, the predecessor company to New Electronic and NU Electronics, and operated a retail electronic business under the name Star Club.

3. Defendant MIZRAHI resided in Los Angeles, California, and was married to D.M.

4. Defendant ARYEH GREENES ("defendant GREENES") purported to be the Chief Financial Officer of defendant MIZRAHI's various companies, including Tech Club and New Electronic.

5. Defendant GREENES resided in Los Angeles, California.

6. TomatoBank (fka InterBusiness Bank), United Commercial Bank ("UCB"), and Security Pacific Bank ("SPB") (collectively, the "Victim Banks") were financial institutions, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation.

B. **THE SCHEME TO DEFRAUD**

7. Beginning in or about February 2004, and continuing through in or about June 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIZRAHI and GREENES, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, executed a scheme to defraud the Victim Banks as to material matters, and to obtain moneys, funds, credits, assets, securities, and other property owned by and in the custody and control of the Victim Banks by means of material false

and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The fraudulent scheme operated, in substance, in the following manner:

    a. Defendant MIZRAHI applied for separate loans in the form of revolving lines of credit from each of the Victim Banks, and subsequently applied for extensions, increases to the loan amounts, and modifications of those loans.

        i. In or about February 2004, defendant MIZRAHI signed, on behalf of Star Club (later changed to Tech Club), the initial loan agreement with TomatoBank for a revolving line of credit in the amount of $2,000,000.

        ii. On or about April 27, 2004, defendant MIZRAHI signed, on behalf of New Electronic, the initial loan agreement with UCB for a revolving line of credit in the amount of $10,000,000.

        iii. On or about April 17, 2006, defendant MIZRAHI signed, on behalf of Tech Club, the initial loan agreement with SPB for a revolving line of credit in the amount of $3,750,000.

    b. Defendant MIZRAHI subsequently signed agreements for extensions, loan amount increases, and modifications to the above-referenced loans.

    c. Defendants MIZRAHI and GREENES made and willfully caused to be made to the Victim Banks one or more of the following material false, fraudulent, and misleading pretenses, representations, and promises, among others, in connection with and in support of the loan applications, extensions, increases, and modifications:

     i. That the borrower had a certain dollar amount of collateral to secure the loan amount at issue, when in truth and in fact, as defendants MIZRAHI and GREENES well knew, the borrower had significantly less collateral than the amount at issue represented to the Victim Banks.

     ii. That the borrower had a certain dollar amount of sales, when in truth and in fact, as defendant MIZRAHI and GREENES well knew, the borrowers' sales were significantly less than the amount represented to the victim banks.

     iii. That the borrower had certain prominent customers, when in truth and in fact, as defendants MIZRAHI and GREENES well knew, the borrower did not sell any merchandise to the named customers.

  d. Defendant MIZRAHI created and caused to be created false and fraudulent documents that were submitted in support of the loan applications, extensions, increases, and modifications, to one or more of the Victim Banks, including the following:

     i. false corporate and personal federal tax returns that were not filed with the Internal Revenue service ("IRS"), which listed income amounts and sales amounts that were materially different than the amounts reported on the tax returns that were actually filed with the IRS;

     ii. false and fraudulent financial statements showing fabricated sales, accounts receivable, and inventory, among other things;

     iii. borrowing base certificates showing fabricated accounts receivable and inventory; and

    iv. collateral schedules showing fabricated accounts receivable and inventory.

  e. Defendants MIZRAHI and GREENES dispersed and willfully caused others to disperse the loan funds obtained from the Victim Banks in a variety of different ways, including:

    i. using a portion of the loan funds to make payments on loans obtained from TomatoBank and First Bank; and

    ii. using a portion of the loan funds to purchase cashier's checks in the names of purported customers in order to give the false appearance that these customers were conducting legitimate business with the borrower.

  f. As a result of the fraudulent scheme, the Victim Banks sustained the following approximate losses:

    i. SPB - $5,000,000; and

    ii. UCB - $28,000,000; and

    iii. TomatoBank - $183,000.

## C. THE EXECUTION OF THE SCHEME

9. On or about the following dates, within the Central District of California and elsewhere, defendants MIZRAHI and GREENES, as set forth below, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | DEFENDANT | ACT |
| --- | --- | --- | --- |
| ONE | 2/2/04 | MIZRAHI and GREENES | Submission to TomatoBank of financial statements for Star Club, dated 1/31/04. |
| TWO | 2/23/04 | MIZRAHI and GREENES | Submission to UCB of an accounts receivable aging summary for Electro Star as of 11/30/03. |

| COUNT | DATE | DEFENDANT | ACT |
|---|---|---|---|
| THREE | 4/14/04 | MIZRAHI | Submission to UCB of 2001 and 2002 joint federal tax returns, Form 1040, for defendant MIZRAHI and D.M. |
| FOUR | 4/30/04 | MIZRAHI and GREENES | Submission to UCB of a borrowing base certificate for New Electronic as of 3/31/04. |
| FIVE | 5/14/04 | MIZRAHI and GREENES | Submission to UCB of an accounts receivable aging summary for Electro Star as of 3/31/04 |
| SIX | 5/20/04 | MIZRAHI and GREENES | Submission to UCB of an accounts receivable aging summary for Electro Star as of 2/29/04. |
| SEVEN | 7/12/04 | MIZRAHI and GREENES | Submission to UCB of financial statements of Electro Star, dated 12/31/03. |
| EIGHT | 10/25/04 | MIZRAHI and GREENES | Submission to TomatoBank of financial statements for Tech Club, dated 9/30/04. |
| NINE | 12/24/04 | MIZRAHI and GREENES | Submission to TomatoBank of financial statements for Tech Club, dated 9/30/04. |
| TEN | 4/15/05 | MIZRAHI and GREENES | Submission to UCB of financial statements for New Electronic, dated 12/31/04. |
| ELEVEN | 12/30/05 | MIZRAHI | Submission to SPB of a 2004 corporate federal tax return, Form 1120, for Tech Club. |
| TWELVE | 3/22/06 | MIZRAHI | Submission to SPB of 2003 and 2004 joint federal tax returns, Forms 1040, for defendant MIZRAHI and D.M. |
| THIRTEEN | 3/22/06 | MIZRAHI | Submission to SPB of financial statements for Tech Club, dated 12/31/04 and 12/31/05. |
| FOURTEEN | 3/30/06 | MIZRAHI | Submission to SPB of a 2002 joint federal tax return, Form 1040, for defendant MIZRAHI and D.M. |
| FIFTEEN | 4/17/06 | MIZRAHI | Submission to SPB of a collateral schedule for Tech Club as of 2/28/06 and an accounts receivable aging summary for Tech Club as of 2/28/06. |
| SIXTEEN | 7/10/06 | MIZRAHI | Submission to UCB of financial statements for New Electronic, dated 12/31/05. |

| COUNT | DATE | DEFENDANT | ACT |
|---|---|---|---|
| SEVENTEEN | 8/1/06 | MIZRAHI | Submission to SPB of a collateral schedule for Tech Club as of 6/30/06. |
| EIGHTEEN | 8/24/06 | MIZRAHI | Submission to SPB of financial statements for Tech Club, dated 6/30/06, and an accounts receivable aging summary for Tech Club as of 6/30/06. |
| NINETEEN | 3/2/07 | MIZRAHI | Submission to SPB of a 2005 corporate federal tax return, Form 1120, for Tech Club. |
| TWENTY | 3/7/07 | MIZRAHI | Submission to SPB of a 2006 corporate federal tax return, Form 1120, for Tech Club. |
| TWENTY-ONE | 3/7/07 | MIZRAHI | Submission to SPB of financial statements for Tech Club, dated 12/31/06, and an accounts receivable aging summary for Tech Club as of 12/31/06. |
| TWENTY-TWO | 3/15/07 | MIZRAHI | Submission to SPB of a collateral schedule for Tech Club as of 1/31/07 and an accounts receivable aging summary for Tech Club as of 1/31/07. |
| TWENTY-THREE | 6/14/07 | MIZRAHI | Submission to UCB of financial statements for New Electronic, dated 12/31/06. |
| TWENTY-FOUR | 9/28/07 | MIZRAHI | Submission to UCB of a borrowing base certificate for New Electronic as of 8/31/07. |
| TWENTY-FIVE | 11/14/07 | MIZRAHI | Submission to SPB of a 2006 joint federal tax return, Form 1040, for defendant MIZRAHI and D.M. |
| TWENTY-SIX | 12/5/07 | MIZRAHI | Submission to UCB of financial statements for New Electronic, dated 9/30/07, and an accounts receivable aging summary for New Electronic as of 9/30/07. |
| TWENTY-SEVEN | 4/30/08 | MIZRAHI | Submission to UCB of a borrowing base certificate for NU Electronics as of 3/31/08. |

## COUNT TWENTY-EIGHT

[18 U.S.C §§ 1014, 2(b)]

10. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

11. On or about February 23, 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") and defendant ARYEH GREENES ("defendant GREENES") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of United Commercial Bank ("UCB") in connection with and in support of UCB's loan to New Electronic, Inc. ("New Electronic"). Specifically, defendants MIZRAHI and GREENES submitted and willfully caused to be submitted to UCB an accounts receivable aging summary for Electro Star, showing total accounts receivable of approximately $13,042,958.32 as of November 30, 2003, and listing Liverpool Ent., Inc. and WAL-MART, among others, as businesses from whom receivables were due to Electro Star as of November 30, 2003, when, in truth and in fact, as defendants MIZRAHI and GREENES then well knew, the total accounts receivable for Electro Star were significantly less than the amount represented on the submitted accounts receivable aging summary and Liverpool Ent., Inc. and WAL-MART were not customers of Electro Star during the relevant time period.

COUNT TWENTY-NINE

[18 U.S.C §§ 1014, 2(b)]

12. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

13. On or about April 30, 2004, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") and defendant ARYEH GREENES ("defendant GREENES") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of United Commercial Bank ("UCB") in connection with and in support of a request for an increase in the loan amount (a temporary loan overline request) for New Electronic, Inc. ("New Electronic"). Defendants MIZRAHI and GREENES submitted and willfully caused to be submitted to UCB a false borrowing base certificate for New Electronic, showing total eligible accounts receivable of approximately $12,869,222.75 as of March 31, 2004, when, in truth and in fact, as defendants MIZRAHI and GREENES then well knew, the total eligible accounts receivable for New Electronic were significantly less than the amount represented on the submitted borrowing base certificate.

COUNT THIRTY

[18 U.S.C §§ 1014, 2(b)]

14. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

15. On or about December 30, 2005, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Security Pacific Bank ("SPB") in connection with SPB's loan to Tech Club, Inc. ("Tech Club"). Specifically, defendant MIZRAHI submitted and willfully caused to be submitted to SPB a 2004 corporate federal tax return, Form 1120, for Tech Club, showing total income of approximately $1,168,136 and gross receipts of approximately $12,506,327, when in truth and in fact, as defendant MIZRAHI then well knew, the total income and total gross receipts for Tech Club were significantly less than the amounts represented on the submitted 2004 corporate federal tax return, Form 1120, for Tech Club.

COUNT THIRTY-ONE

[18 U.S.C §§ 1014, 2(b)]

16. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

17. On or about April 17, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Security Pacific Bank ("SPB") in connection with SPB's loan to Tech Club, Inc. ("Tech Club"). Specifically, defendant MIZRAHI submitted and willfully caused to be submitted to SPB a collateral schedule for Tech Club, showing total accounts receivable of approximately $3,960,470.50 as of February 28, 2006, and an account receivable aging summary listing Famsa, among others, as a business from whom receivables were due to Tech Club as of February 28, 2006, when, in truth and in fact, as defendant MIZRAHI then well knew, the total accounts receivable for Tech Club were significantly less than the amount represented on the submitted collateral schedule and Famsa was not a customer of Tech Club during the relevant time period.

COUNT THIRTY-TWO

[18 U.S.C §§ 1014, 2(b)]

18. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of этого First Superseding Indictment as though fully set forth herein in their entirety.

19. On or about March 15, 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of Security Pacific Bank ("SPB") in connection with SPB's loan to Tech Club, Inc. ("Tech Club"). Specifically, defendant MIZRAHI submitted and willfully caused to be submitted to SPB a collateral schedule for Tech Club, showing total accounts receivable of approximately $5,348,345 as of January 31, 2007, and an account receivable aging summary listing Famsa, among others, as a business from whom receivables were due to Tech Club as of January 31, 2007, when, in truth and in fact, as defendant MIZRAHI then well knew, the total accounts receivable for Tech Club were significantly less than the amount represented on the submitted collateral schedule and Famsa was not a customer of Tech Club during the relevant time period.

COUNT THIRTY-THREE

[18 U.S.C §§ 1014, 2(b)]

20. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

21. On or about September 28, 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of United Commercial Bank ("UCB") in connection with UCB's loan to NU Electronics, Inc. ("NU Electronics"). Specifically, defendant MIZRAHI submitted and willfully caused to be submitted to UCB a false borrowing base certificate, showing total eligible accounts receivable of approximately $24,822,658 as of August 31, 2007, when in truth and in fact, as defendant MIZRAHI then well knew, the total eligible accounts receivable for NU Electronics were significantly less than the amount represented on the submitted borrowing base certificate.

COUNT THIRTY-FOUR

[18 U.S.C §§ 1014, 2(b)]

22. The Grand Jury repeats, realleges, and incorporates paragraphs one through eight of this First Superseding Indictment as though fully set forth herein in their entirety.

23. On or about April 30, 2008, in Los Angeles County, within the Central District of California, and elsewhere, defendant AVIV MIZRAHI ("defendant MIZRAHI") knowingly made, and willfully caused to be made, a false statement and report for the purpose of influencing the action of United Commercial Bank ("UCB") in connection with UCB's loan to NU Electronics, Inc. ("NU Electronics"). Specifically, defendant MIZRAHI submitted and willfully caused to be submitted to UCB a false borrowing base certificate, showing total eligible accounts receivable of approximately $30,679,390.64 as of March 31, 2008, when in truth and in fact, as defendant MIZRAHI then well knew, the total eligible accounts receivable for NU Electronics were

//
//
//
//
//

significantly less than the amount represented on the submitted borrowing base certificate.

A TRUE BILL

/S/
―――――――――――――――
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*signature*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section


STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section


RUTH C. PINKEL
Assistant United States Attorney
Major Frauds Section